**Ashley Bannon Moore, OSB #113219**
Email: ashley@oregonworkplacelaw.com
**Robert K. Meyer, OSB #086470**
Email: robert@oregonworkplacelaw.com
Meyer Stephenson
1 SW Columbia, Suite 1850
Portland, OR 97204
Phone: 503/ 459-4010
Fax: 503/ 914-1461

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **CORINA ADAMS,**<br><br>                              Plaintiff,<br><br>      v.<br><br>**WALMART, INC., a foreign corporation,**<br><br>                              Defendant. | Case No.    1:20-cv-00816<br><br>COMPLAINT<br><br>**(TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e, *et. seq.;* ORS 659A.112; ORS 659A.030; ORS 659A.885; ORS 653.077; ORS 659A.199.)**<br><br><br>**DEMAND FOR JURY TRIAL** |

**Nature of the Action**

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages and attorney's fees for herself to redress injuries done to her by Defendant Walmart or officers, employees or agents of Defendant in contravention of her rights under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, and her state protected rights under Oregon Revised Statutes 659A.030, ORS 653.077, ORS 659A.885, and ORS 659A.199.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

**Jurisdictional Allegations**

2.

This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 42 U.S.C. § 2000 *et seq.* The court also has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331 and 42 U.S.C. 1343 and supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Medford Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all of Plaintiff's claims arose in this judicial district, and Defendant resides in this judicial district in Eagle Point, Oregon, Jackson County.

4.

Plaintiff exhausted her administrative remedies on her federal claims with the Equal Employment Opportunity Commission ("EEOC") raising the issues alleged herein.

**General Factual Allegations**

5.

Plaintiff is a resident of Eagle Point, Oregon.

6.

Defendant Walmart Inc. (hereinafter "Defendant") employed Plaintiff as a pharmacist at its location in Eagle Point, Oregon.

7.

At all material times, Defendant employed at least 15 employees.

8.

At all material times, Plaintiff was supervised by Defendant's employees or agents and Plaintiff relied on the actual or apparent authority of Defendant's employees, supervisors and management to act for Defendant.

9.

Defendant employed Plaintiff from December of 2010 until her constructive termination on or about February 14, 2020.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

10.

Prior to Plaintiff's pregnancy, she was an employee in good standing who received positive feedback on her performance.

11.

After Plaintiff returned from pregnancy leave in September 2019, Defendant subjected Plaintiff to a hostile and discriminatory work environment directed at her pregnancy and/or pregnancy-related medical condition.

12.

Defendant's management and supervisors engaged in a continuous pattern of discriminatory conduct and comments directed at Plaintiff's pregnancy and pregnancy-related medical condition which were offensive and created a hostile work environment. Defendant's discriminatory conduct and comments, included but is not limited to the following:

   a. Disparaging Plaintiff to her co-workers, including saying she was "unreliable," "always on breaks" and calling Plaintiff's need for lactation breaks "ridiculous," amongst other derogatory comments.
   b. Interrogating Plaintiff in front of pharmacy staff and customers about the duration and frequency of her pump breaks. These questions included, but were not limited: "Why can't you just pump before you come to work?," "Why do you need to pump so often?," "Why did you need to pump for so long?." and "How long are you planning on pumping?"
   c. Interviewing Plaintiff's co-workers about the duration and frequency of Plaintiff's lactation breaks;
   d. Watching Plaintiff on surveillance video to monitor the frequency and duration of her lactation breaks;
   e. Directing Plaintiff and her co-workers to explain to customers about Plaintiff's need to take lactation breaks and how it impacted service.
   f. Questioning Plaintiff's job performance because of her lactation breaks.
   g. Threatening Plaintiff including telling her to "watch her back".

13.

Defendant subjected Plaintiff to working conditions so intolerable that a reasonable person in the Plaintiff's position would feel compelled to resign.

14.

Plaintiff did her best to limit the disruption caused by her lactation breaks, including keeping her lactation breaks as short as possible and pumping in the pharmacy bathroom so the

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

technicians could keep working. Plaintiff also took supplements, stayed consistently hydrated, and used heating pads before pumping to help increase her supply of milk for her child.

15.

Management spoke so negatively to Plaintiff's co-workers about Plaintiff's lactation breaks that co-workers approached Plaintiff on numerous occasions telling her that her manager was consistently criticizing Plaintiff for her lactation breaks. Not only did learning about the negative comments and criticism add to the increasingly hostile work environment for Plaintiff, she felt it undermined her authority with her subordinates who were constantly hearing these negative remarks.

16.

Plaintiff reported Defendant's discriminatory hostile work environment and failure to accommodate her need to pump at work to Defendant's management on multiple occasions between her return from pregnancy and her constructive termination, but Defendant failed to remedy the problem. Instead of addressing Plaintiff's concerns, Defendant responded by questioning Plaintiff's own work performance, adding further stress to her already extremely stressful work environment.

17.

Due to Defendant's failure to address Plaintiff's concerns in the workplace, Plaintiff continued to be subjected to an unmitigated hostile work environment. Due to this hostile work environment, Plaintiff experienced stress and anxiety that interfered with her ability to do her job.

18.

On or about February 10, 2020, the stress and anxiety caused by the hostile work environment became too much for Plaintiff to endure. During her shift that day, she experienced facial numbness due to the extreme stress of the discriminatory working conditions.

19.

Plaintiff again reported to management on February 10, 2020 that the extreme stress she was experiencing and additional comments about her pump breaks she had learned about which

Page 4      **COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

demonstrated the hostile work environment was continuing.  Defendant still failed to make any effort to intervene to remedy the toxic work environment.

20.

As a result of the intolerable working conditions that Plaintiff had reported to Defendant on multiple occasions, Plaintiff resigned her employment on or about February 14, 2020.

### First Claim for Relief

### Title VII, as amended by the Pregnancy Discrimination Act, Sex Discrimination

21.

Plaintiff realleges the paragraphs above.

22.

Defendant subjected Plaintiff to unwelcome comments, conduct and intimidation directed at her pregnancy.  Under Title VII, pregnancy discrimination is a form of sex discrimination.

23.

Defendant's conduct, comments, and intimidation were sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create a sexually hostile work environment.

24.

Plaintiff perceived the working environment to be abusive and hostile.

25.

A reasonable pregnant woman in Plaintiff's circumstances would consider the working environment to be abusive or hostile.

26.

The working conditions created and maintained by Defendant were so intolerable that Plaintiff felt compelled to resign.  A reasonable pregnant woman in Plaintiff's position would have felt compelled to resign.  As such, Defendant constructively discharged Plaintiff.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

27.

Defendant's creation of, and/or failure to prevent, the sexually hostile work environment for Plaintiff constitutes unlawful sex discrimination in violation of Title VII. The hostile work environment was created by one or more supervisory employees empowered to take tangible employment action, and/or Defendant's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

28.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

29.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

30.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights.  Defendants should be assessed punitive damages pursuant to 42 USC §1981a(b)(1) in an amount to be determined at trial.

31.

Plaintiff alleges that Defendant has engaged in a pattern and practice of discrimination against employees with conditions related to pregnancy.  Plaintiff seeks injunctive relief prohibiting Defendant from engaging in further pregnancy discrimination.

32.

Plaintiff is entitled to recover her costs and attorney fees pursuant to 42 USC §1988 and Title VII

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

**Second Claim for Relief**

**ORS 659A.030 - Sex Discrimination**

33.

Plaintiff realleges the paragraphs above.

34.

Defendant's creation of, and/or failure to prevent, the hostile work environment for Plaintiff constitutes unlawful sex discrimination in violation of ORS 659A.030.

35.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur economic damages in an amount to be proven at trial.

36.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

37.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights.  Defendant should be assessed punitive damages in an amount to be determined at trial.

38.

Plaintiff is entitled to recover her costs and attorney fees pursuant to ORS 659A.885.

**Third Claim for Relief**

**(Title VII – Retaliation for Opposing Sex Discrimination)**

39.

Plaintiff realleges the paragraphs above.

40.

Defendant discriminated against Plaintiff in the terms and conditions of her

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

employment in substantial motivating part due to Plaintiff's reporting and/or opposition to employment practices prohibited by Title VII.

41.

Plaintiff realleges damages, costs, and fees at stated in the paragraphs above.

## **Fourth Claim for Relief**

### **(ORS 659A.030 – Retaliation for Opposing Sex Discrimination)**

42.

Plaintiff realleges the paragraphs above as if fully set forth herein.

43.

Defendant discriminated against Plaintiff in the terms and conditions of her employment in substantial motivating part due to Plaintiff's reporting and/or opposition to employment practices prohibited by ORS 659A.030.

44.

Plaintiff realleges damages, costs, and fees at stated in paragraphs above.

## **Fifth Claim for Relief**

### **(ORS 659A.885 – Failure to Accommodate a Pregnancy-Related Medical Condition)**

45.

Plaintiff realleges the paragraphs above.

46.

At all relevant times, Plaintiff was a person with a pregnancy-related medical condition.

47.

Defendant discriminated against Plaintiff in the terms and conditions of her employment in substantial motivating part due to Plaintiff's requesting accommodation for a pregnancy-related medical condition, lactation, in violation of ORS 659A.885, as amended by the Employer Accommodation for Pregnancy Act.

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

48.

Plaintiff realleges damages, costs, and fees at stated in the paragraphs above.

## **Sixth Claim for Relief**

### **(ORS 659A.885 – Retaliation for Requesting Pregnancy-Related Accommodation)**

49.

Plaintiff realleges the paragraphs above.

50.

Defendant discriminated against Plaintiff in the terms and conditions of her employment in substantial motivating part due to Plaintiff's requesting accommodation for a pregnancy- related medical condition, lactation, in violation of ORS 659A.885, as amended by the Employer Accommodation for Pregnancy Act.

51.

Plaintiff realleges damages, costs, and fees at stated in the paragraphs above.

## **Seventh Claim for Relief**

### **(Whistleblower Retaliation – ORS 659A.199)**

52.

Plaintiff realleges the paragraphs above.

53.

Defendant retaliated against Plaintiff in the terms and conditions of her employment by terminating Plaintiff in substantial part for opposing and/or reporting in good faith what Plaintiff believed to be illegal conduct, as well as evidence of violations of federal and/or state laws, rules, or regulations.

54.

Plaintiff realleges damages, costs, and fees at stated in the above paragraphs.

### **Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.      For permanent injunctive relief enjoining Defendant, its officers, employees and

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

agents from engaging in any disability or pregnancy discrimination, retaliation or harassment;

2.    Economic damages and future losses to be determined at trial;

3.    Non-economic damages to be determined at trial;

4.    Punitive damages in an amount to be determined at trial;

5.    Reasonable costs and attorney's fees; and

6.    For such other and further relief as the Court may deem just and equitable.

DATED this 21st day of May, 2020.

<div style="margin-left: 40%;">

*s/ Ashley Bannon Moore*
Ashley Bannon Moore, OSB #113219
Email: ashley@oregonworkplacelaw.com
Robert K. Meyer, OSB #086470
Email: robert@oregonworkplacelaw.com
Of Attorneys for Plaintiff

</div>

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022